**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ZANETA CRAWFORD<br>1108 McCollough Court, NW<br>Apt. 403<br>Washington, DC 20001 | ) | |
| RUSSELL WATERS<br>2300 Good Hope Road, SE<br>Apt. 618<br>Washington, DC 20020 | ) | |
| SHARON JONES<br>928 N. Wendover<br>Apt K<br>Charlotte, NC 28211 | ) | Civil Action No. 1:16-cv-434 |
| SAMIR HARRIS<br>2420 12th Street<br>Apt. 101<br>Washington, DC 20018 | ) | |
| *Plaintiffs* | ) | |
| v. | ) | |
| NCO FINANCIAL SYSTEMS, INC.<br>507 Prudential Road<br>Horsham, PA 19044 | ) | |
| MITCHELL RUBENSTEIN &<br>ASSOCIATES, P.C.<br>12 South Summit Avenue<br>Suite 250<br>Gaithersburg, MD 20877 | ) | |
| *Defendants* | ) | |

## <u>COMPLAINT</u>

Zaneta Crawford ("Crawford"), Russell Waters ("Waters"), Sharon Jones ("Jones") and

Samir Harris ("Harris")  (collectively "Plaintiffs") bring this action against NCO Financial

1

Systems, Inc. ("NCO") and Mitchell Rubenstein & Associates, P.C. ("MRA") for abuse of process and violations of District of Columbia Code § 28-3814 *et seq*. in connection with the collection of consumer debts.

## I.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction under 28 U.S.C. § 1332(a) in that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

2.      Venue is proper under 28 U.S.C. § 1391(b)(2) in that the conduct giving rise to the claims occurred in this jurisdiction.

## II.

### PARTIES

3.      Crawford is a sui juris adult resident within the District of Columbia.

4.      Waters is a sui juris adult resident within the District of Columbia.

5.      Jones is a sui juris adult resident of North Carolina.

6.      Harris is a sui juris adult resident within the District of Columbia.

7.      NCO is, and at all times mentioned herein was, a for-profit Pennsylvania corporation with a principal place of business at 507 Prudential Road, Horsham, PA 19044.

8.      NCO is, and at all times mentioned herein was, a creditor as defined by D.C. Code § 28-3814(b)(1A) in that they hold a consumer credit claim against the Plaintiffs.

9.      MRA is, and at all times mentioned herein was, a professional corporation with a principal place of business at 12 South Summit Avenue, Suite 250, Gaithersburg, MD 20877.

10.     MRA is, and at all times mentioned herein was, a debt collector as defined by D.C. Code § 28-3814(b)(3) in that they are directly engaged in the business of collecting defaulted debts alleged to be owed to another.

## III.

## FACTUAL ALLEGATIONS

11.     MRA, acting on behalf of National Collegiate Student Loan Trust ("NCSLT") and NCO, filed debt collection lawsuits against the Plaintiffs on December 16, 2013, April 4, 2014, and July 9, 2014 in the District of Columbia Superior Court to collect defaulted private student loans.

12.     Crawford's student loan was issued for personal, family or household purposes to attend Bennett College in Greensboro, North Carolina.

13.     Crawford was the primary borrower for her student loan.

14.     Waters's student loan was issued for personal, family or household purposes to attend College of the Holy Cross in Worcester, Massachusetts.

15.     Jones was the co-signer for Waters's student loan.

16.     Harris's student loan was issued for personal, family or household purposes to attend the University of Maryland.

17.     Harris was the primary borrower for his student loan.

18.     The Note Disclosure Statement attached to Defendants' complaints are embossed with the phrase "**NON-NEGOTIABLE CREDIT AGREEMENT – THIS IS A CONSUMER CREDIT TRANSACTION**".

19.     In *NCSLT 2007-3 v Crawford*,[1] the Note Disclosure Statement attached to MRA's complaint shows that on August 17, 2007 a loan in the amount of $8,000 was disbursed to Crawford. Monthly payments in the amount of $122.80 were due beginning March 20, 2009. According to NCO, "[n]o payments have been made on the account." But MRA did not file suit until July 9, 2014—two years and four months after the three-year limitations period expired on March 20, 2012. MRA nevertheless obtained a default judgment against Crawford.

20.     In *NCSLT 2007-3 v Crawford*,[2] Defendants had previously filed a lawsuit against Crawford to collect the same student loan at issue. But MRA did not file suit until December 16, 2013—one year and nine months after the three-year statute of limitations period expired on March 20, 2012.

21.     In *NCSLT 2006-3 v Waters*,[3] the Note Disclosure Statement attached to Defendants' complaint shows that on July 24, 2006 a loan in the amount of $23,750 was disbursed to Waters. Monthly payments in the amount of $393.46 were due beginning December 1 2010. According to NCO, "[n]o payment has been made since 03/11/11." But MRA did not file suit until April 4, 2014—a month after the three-year limitations period expired on March 11, 2014.

22.     In *NCSLT 2006-1 v Samir Harris*,[4] the Note Disclosure Statement attached to MRA's complaint shows that on January 11, 2006 a loan in the amount of $6,500 was disbursed to Harris. Monthly payments in the amount of $79.45 were due beginning December 15, 2008.

---

[1] District of Columbia Superior Court Case No. 2014 CA 004283 C

[2] District of Columbia Superior Court Case No. 2013 CA 008330 C

[3] District of Columbia Superior Court Case No. 2014 CA 002125 C

[4] District of Columbia Superior Court Case No. 2014 CA 002153 C

According to NCO, "[n]o payment has been made since 07/02/2012." The only other payments made on the account were April 2, 2012 for $300.00, May 1, 2012 for $125.00, June 1, 2012 for $125.00, July 2, 2012 for $125.00, and August 1, 2012 for $125.00. But MRA did not file suit until April 4, 2014—two years and four months after the three-year limitations period expired on December 15, 2011.

23.     No signed writings acknowledging or promising to pay the debt were made by Crawford between March 20, 2009 and March 20, 2012.

24.     No signed writings acknowledging or promising to pay the debt were made by Waters or Jones between March 11, 2011 and April 4, 2014.

25.     No signed writings acknowledging or promising to pay the debt were made by Harris between December 15, 2008 and December 15, 2011.

26.     Defendants have a long, well-documented history of filing debt collection lawsuits after the statute of limitations to coerce payment for unenforceable debts from unwitting District of Columbia consumers.

27.     In *NCSLT v Woods*,[5] the Note Disclosure Statement attached to MRA's complaint shows that on August 17, 2005 a loan in the amount of $13,000 was disbursed to Woods. Monthly payments in the amount of $139.66 were due beginning December 30, 2007. According to NCO, no payments were made by Woods until October 8, 2013 and November 13, 2013. But MRA did not file suit until March 7, 2014—three years and three months after the three-year statute of limitations expired on December 30, 2010. The trial court granted summary judgment to Woods on the grounds that MRA's complaint was barred by the three-year statute of limitations under D.C. Code § 12-301(7).

---

[5] District of Columbia Superior Court Case No. 2014 CA 001372 C

28.     In *NCSLT 2005-1 v Wright*,[6] the truth in lending disclosure statement attached to MRA's complaint shows that on September 23, 2002 a loan in the amount of $12,000 was disbursed to Wright. Monthly payments in the amount of $97.56 were due beginning December 31, 2006. According to NCO, no payments were made by Wright until April 30, 2010. But MRA did not file suit until March 7, 2014—four years and three months after the three-year statute of limitations period expired on December 31, 2009. The trial court granted summary judgment to Wright on the grounds that MRA's complaint was barred by the three-year statute of limitations under D.C. Code § 12-301(7).

29.     In *NCSLT 2004-2 v Wright*,[7] the truth in lending disclosure statement attached to MRA's complaint shows that on July 23, 2004 a loan in the amount of $8,000 was disbursed to Wright. Monthly payments in the amount of $72.31 were due beginning July 1, 2007. According to NCO, no payments were made by Wright until May 13, 2011. But MRA did not file suit until April 4, 2014—three years and nine months after the three-year limitations period expired on July 1, 2010.

30.     In *NCSLT 2004-2 v Williams*,[8] the Note Disclosure Statement attached to MRA's complaint shows that on August 17, 2004 a loan in the amount of $8,000 was disbursed to Williams. Monthly payments in the amount of $74.55 were due beginning December 1, 2008. According to NCO, "[n]o payments have been made on the account." But MRA did not file suit until April 4, 2014—two years and four months after the three-year limitations period expired on December 1, 2011.

---

[6] District of Columbia Superior Court Case No. 2014 CA 001374 C

[7] District of Columbia Superior Court Case No. 2014 CA 002144 C

[8] District of Columbia Superior Court Case No. 2014 CA 002117 C

31.     In *NCSLT 2003-1 v McKinney*,[9] the Note Disclosure Statement attached to MRA's complaint shows that on June 12, 2003 a loan in the amount of $30,000 was disbursed to McKinney. Monthly payments in the amount of $262.67 were due beginning March 18, 2005. According to NCO, "[n]o payment has been made since 09/23/2009." But MRA did not file suit until April 4, 2014—one year and seven months after the three-year limitations period expired on September 23, 2012.

32.     In *NCSLT 2005-3 v Khalife*,[10] the Note Disclosure Statement attached to MRA's complaint shows that on August 12, 2005 a loan in the amount of $16,000 was disbursed to Khalife. Monthly payments in the amount of $168.33 were due beginning February 20, 2008. According to NCO, "[n]o payment has been made since 02/24/2012." No other payments were made on the account. But MRA did not file suit until April 4, 2014—three years and two months after the three-year limitations period expired on February 20, 2011.

33.     In *NCSLT 2007-3 v King*,[11] the Note Disclosure Statement attached to MRA's complaint shows that on August 22, 2007 a loan in the amount of $12,000 was disbursed to King. Monthly payments in the amount of $176.32 were due beginning December 21, 2009. According to NCO, "[n]o payment has been made since 10/18/2010." But MRA did not file suit until February 12, 2014—four months after the three-year limitations period expired on October 18, 2013.

---

[9] District of Columbia Superior Court Case No. 2014 CA 002118 C

[10] District of Columbia Superior Court Case No. 2014 CA 002151 C

[11] District of Columbia Superior Court Case No. 2014 CA 000891 C

34.     In *NCSLT 2004-2 v Berkley*,[12] the Note Disclosure Statement attached to MRA's complaint shows that on August 17, 2004 a loan in the amount of $13,000 was disbursed to Berkley. Monthly payments in the amount of $120.51 were due beginning December 30, 2007. According to NCO, "[n]o payment has been made since 01/05/2011." But MRA did not file suit until March 7, 2014—two months after the three-year limitations period expired on January 5, 2014.

35.     In *NCSLT 2006-4 v Watkins*,[13] the Note Disclosure Statement attached to MRA's complaint shows that on September 21, 2006 a loan in the amount of $20,000 was disbursed to Watkins. Monthly payments in the amount of $338.64 were due beginning December 30, 2010. According to NCO, "[n]o payment has been made since 03/24/2011." But MRA did not file suit until April 4, 2014—two weeks after the three-year limitations period expired on March 24, 2014.

36.     In *NCSLT 2005-3 v Gail Harris*,[14] the Note Disclosure Statement attached to MRA's complaint shows that on September 23, 2005 a loan in the amount of $16,515 was disbursed to Harris. Monthly payments in the amount of $111.26 were due beginning October 23, 2005. According to NCO, "[n]o payment has been made since August 5, 2009." But MRA did not file suit until December 2, 2013—one year and four months after the three-year limitations period expired on August 5, 2012.

---

[12] District of Columbia Superior Court Case No. 2014 CA 001377 C

[13] District of Columbia Superior Court Case No. 2014 CA 002156 C

[14] District of Columbia Superior Court Case No. 2014 CA 008046 C

37.     In *NCSLT 2004-2 v Oliveira*,[15] the Note Disclosure Statement attached to MRA's complaint shows that on August 11, 2004 a loan in the amount of $18,000 was disbursed to Oliveira. Monthly payments in the amount of $173.38 were due beginning January 29, 2008. According to NCO, "[n]o payment has been made since 09/07/10." But MRA did not file suit until July 9, 2014—ten months after the three-year limitations period expired on September 7, 2013.

38.     Defendants' attempts to coerce payment from Plaintiffs for unenforceable debts barred by the statute of limitations are intentional, willful, malicious and in open defiance of consumer protection laws.

39.     Plaintiffs have been severely agitated, annoyed, traumatized, emotionally damaged, and unduly inconvenienced by the Defendants' misconduct.

40.     Plaintiffs have sustained actual damages, including attorney's fees and costs, as a direct result of Defendants' unlawful conduct.

## IV.

## FIRST CLAIM FOR RELIEF

### ABUSE OF PROCESS

41.     Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-40, inclusive, above, as if fully set forth herein.

42.     Defendants perverted judicial process by filing suit against Plaintiffs after the statute of limitations to coerce payment of principal, interest, attorney's fees, costs and contingency fees for unenforceable debts—an end that was not legally obtainable.

---

[15] District of Columbia Superior Court Case No. 2014 CA 004284 C

43.     The requisite element of malice or ulterior motive should be inferred from Defendants' willful abuse of process by repeatedly filing lawsuits after the statute of limitations to collect unenforceable debts.

44.     To the extent such inferences fail, malice specifically exists in that Defendants repeatedly acted with a conscious disregard for Plaintiffs' rights because their ulterior purpose in misusing legal process was to enrich themselves by (1) coercing payment for unenforceable principal and interest, (2) earn a contingency fee for collecting the unenforceable debts, and (3) obtain an award of attorney's fees and costs of suit despite the statute of limitations.

45.     Defendants' pattern and practice of filing suits barred by the three-year statute of limitations to collect unenforceable debts from unwitting consumers further evidences the need for an award of substantial punitive damages in that Defendants repeatedly pursued an end that was not legally obtainable.

46.     Defendants were a substantial factor in causing Plaintiffs' damages, and the depravity of Defendants' conduct fulfills the requirements for an award of exemplary damages.

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF DISTRICT OF COLUMBIA CODE § 28-3814 ET SEQ.

47.     Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-46, inclusive, above, as if fully set forth herein.

48.     Defendants violated D.C. Code § 28-3814(c)(3) by falsely accusing Plaintiffs of not paying unenforceable debts.

49.     Defendants violated D.C. Code § 28-3814(f)(5) by falsely representing the character, amount, and status of the debts by filing suit against Plaintiffs demanding payment for

unenforceable debts representing to the Plaintiffs and the court that the debts were legally enforceable.

50.     Defendants violated D.C. Code § 28-3814(g)(4) by engaging in unfair or unconscionable means to collect the debts by filing suit against Plaintiffs after the three-year statute of limitations to collect unenforceable principal, interest, fees, expenses or charges.

51.     Defendants are liable to Plaintiffs for compensatory damages under D.C. Code § 28-3814(j)(1) for their willful violations of law described above.

52.     Defendants are liable to Plaintiffs for punitive damages under D.C. Code § 28-3814(j)(2) for their willful violations of law described above.

## PRAYER FOR RELIEF

Plaintiffs respectfully pray that judgment be entered against Defendants for the following:

A.     Actual damages;

B.     Punitive damages;

C.     Costs of suit and reasonable attorney's fees; and

D.     For such other and further relief as the court may deem proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

DATED:  March 4, 2016                    Respectfully submitted,


                                          /s/    Dean Gregory
                                         Dean Gregory (Bar No. 1008846)
                                         **LAW OFFICES OF DEAN GREGORY**
                                         1717 K Street NW
                                         Suite 900
                                         Washington, D.C. 20006
                                         Telephone: (202) 905-8058
                                         Facsimile: (202) 776-0136
                                         E-mail: dean@deangregory.com

                                         *ATTORNEY FOR PLAINTIFFS*